

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 1, 1963

Overruled by C-47A

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C- 47

Re: Under the submitted facts, whether the Gross Receipts Tax provided for by Article 11.03, Taxation-General, is due by the stated corporations.

Dear Sir:

This is in answer to your request for an opinion concerning the above subject matter and in connection therewith you have given us the following facts:

> "Gross Receipts Tax audits have been made of the records of Caruth Corporation and Hillside Corporation, both of Dallas, Texas. Caruth Corporation owns and operates the Inwood Shopping Village, Dallas, Texas, and Hillside Corporation owns and operates Hillside Shopping Center in Dallas, Texas.

> "Caruth Corporation purchases electricity from Dallas Power and Light Company, gas from Lone Star Gas Company, and water from the Dallas City Water Works, and resells same to its tenants in the shopping center through individual meters and at a profit.

> "Hillside Corporation purchases electricity from Dallas Power and Light Company and resells same through individual meters to its tenants in the shopping center at a profit.

> "The Gross Receipts Tax is paid by Dallas Power and Light Company, and by Lone Star Gas Company, based on their charge to the corporations.

-212-

"The Dallas City Water Works, being municipally owned, is not required to pay Gross Receipts Tax."

"The Hillside Corporation

"Sells electricity only
(1)  Dallas Power & Light owns Master Meter
(2)  Hillside Corporation owns transmission lines from master meter to tenant's store.
(3)  Hillside Corporation owns meter at tenant's store.
(4)  Hillside Corporation serves approximately 30 tenants.

"Caruth Corporation (Inwood Village)

"Sells gas, electricity, and water to tenants.
Lone Star Gas, Dallas Power & Light and Dallas City Water Works owns Master Meter at Caruth Corp. property line.
(1)  Caruth Corporation owns all laterals and lines which furnish utilities to tenants.
(2)  Caruth Corporation owns all meters at tenant's store.
(3)  Caruth Corporation serves approximately 40 tenants or customers."

The question to be determined is whether or not the business or operation conducted here constitutes a gas, electric light, electric power, or water works, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city, as provided by Article 11.03, Title 122A, Taxation-General, Vernon's Civil Statutes, the pertinent part of which reads as follows:

"(1) Each individual, company, corporation, or association owning, operating, managing or controlling any gas, electric light, electric power, or water works, or water and light plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city, and charging for such gas, electric lights, electric

power, or water, shall make quarterly, on the first day of January, April, July, and October of each year, a report to the Comptroller under oath of the individual, or of the president, treasurer or superintendent of such company, or corporation, or association, showing the gross amount received from such business done in each such incorporated city or town within this State in the payment of charges for such gas, electric lights, electric power, or water for the quarter next preceding. Said individual, company, corporation, or association, at the time of making said report for any such incorporated town or city of more than one thousand (1,000) inhabitants and less than two thousand, five hundred (2,500) inhabitants, according to the last Federal census next preceding the filing of said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date equal to .581% of said gross receipts, as shown by said report; and for any incorporated town or city of more than two thousand, five hundred (2,500) inhabitants and less than ten thousand (10,000) inhabitants, according to the last Federal census next preceding the filing of said report, the said individual, company, corporation, or association at the time of making said report shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date an amount equal to 1.07% of said gross receipts, as shown by said report; and for any incorporated town or city of ten thousand (10,000) inhabitants or more, according to the last Federal census next preceding the filing of said report, the said individual, company, corporation, or association, at the time of making said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date an amount equal to 1.997% of said gross receipts, as shown by said report. Nothing herein shall apply to

Honorable Robert S. Calvert, Page 4 (No. C-47)

any such gas, electric light, power or
water works, or water and light plant,
within this State, owned and operated
by any city or town, nor to any county
or water improvement or conservation
district.

"(2) Nothing herein shall be con-
strued to require payment of the tax
on gross receipts herein levied more
than once on the same commodity, and
where the commodity is produced by
one individual, company, corporation,
or association, and distributed by
another, the tax shall be paid by
the distributor alone."

The Supreme Court in Eddins-Walcher Butane Co. v.
Calvert, 156 Tex. 587, 298 S.W.2d 93 (1957), Art. 7060,
V.C.S. (now codified as Art. 11.03, Title 122A, Taxation-
General, V.C.S.), was held not to apply to numerous sales
of butane gas which was stored in two storage tanks within
the town and was transferred by truck from the place of
storage to the tanks of the consumers in and around town.

The Court in its opinion defined "gas works" in the
following words:

". . . We hold, therefore, that the
term 'gas works' means either:  (1) an
establishment in which gas is manufactured,
produced or processed, or (2) a distribu-
tion system consisting of pipes through
which the gas flows and is delivered to
the premises of consumers.  This con-
struction gives effect to the legisla-
tive intent as revealed by the language
of the entire statute."

In your opinion request you have stated that the
Caruth Corporation, which owns and operates the Inwood Shop-
ping Village located in the city limits of Dallas, purchases
electricity from Dallas Power & Light Company, gas from Lone
Star Gas Company, and water from the Dallas City Water Works,
and resells same to its tenants in the shopping center through
individual meters and at a profit.  It is further stated that
Caruth Corporation owns the pipe lines and electric wires or
cables used for delivering electricity, gas and water from
the master meter where the utilities are received by Caruth
Corporation to the premises of the tenants where the utilities

are delivered to the consumer. This operation seems to meet all the requirements necessary to constitute gas, electric light, electric power and water works as defined by the Supreme Court of Texas in the case above cited.

Hillside Corporation purchases electricity from Dallas Power & Light Company and resells same through its individual electric cables and meters to its tenants in the shopping center at a profit. This corporation's method of operation appears to constitute an electric light or electric power works and it is therefore our opinion that both of these corporations are operating in a manner so as to be subject to the gross receipts taxes levied by Chapter 11, Title 122A, Taxation-General, V.C.S.

It is provided by Article 11.03, above quoted, that it shall not be construed to require payment of the tax more than once on the same commodity.

You have stated that electricity is purchased from Dallas Power & Light Company and the gas is purchased from Lone Star Gas Company, both of which pay the gross receipts tax provided above on the amount of money for which they sell the electricity and gas to the two corporations here involved. In this case the two corporations which are reselling the utilities at a profit would owe the tax on the money received for sale of the products which is in excess of the purchase price paid by the two corporations. Caruth Corporation purchases water from the Dallas City Water Works which is municipally owned and no gross receipts tax is paid by the city on water sold to Caruth Corporation because the statute provides that this tax shall not apply to city-owned water plants. When the private corporation purchases water from the city and resells the water as in this case, then the water is subject to the tax for the entire amount of the sale price received by Caruth Corporation.

## S U M M A R Y

Under the stated facts the Caruth Corporation is operating gas, electric light, power and water works within the meaning of Chapter 11, Title 122A, Taxation-General, V.C.S., and is subject to the gross receipts taxes provided therein.

Under the facts stated the Hillside Corporation is operating an electric light

works within the meaning of said Chapter 11 and is subject to the gross receipts taxes therein levied.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: J. H. Broadhurst
Assistant

JHB:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Cecil Rotsch
Robert Lewis
Joe Long
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone